1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11 | ANGELA PALMER,

12 |               Plaintiff,

12 | v.

13 | RICHARD D. PALMER et al.,

14 |               Defendants.

CASE NO. 3:22-cv-05078-TL

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B)

15

16        Before the Court are *pro se* Plaintiff Angela Palmer's Complaint (Dkt. No. 4) and

17 Magistrate Judge Brian A. Tsuchida's order granting Ms. Palmer *in forma pauperis* ("IFP")

18 status and recommending that this Court review the action pursuant to 28 U.S.C. § 1915(e)(2)(B)

19 (2018) before the issuance of any summons (Dkt. No. 3). A district court must dismiss an IFP

20 case if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

21 As discussed below, Ms. Palmer's Complaint fails to state a claim. Accordingly, the Court

22 DISMISSES Ms. Palmer's case without prejudice and with leave to amend.

23

24

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B) - 1

I. **BACKGROUND**

1

2        Ms. Palmer brings this lawsuit against a number of Defendants, including Mr. Richard D.

3   Palmer (her former husband), the Federal Aviation Administration, "Nezey Family," "Judge

4   Nichols," "Betty," NW Legacy Law, and a number of banks and other entities or individuals.

5   Dkt. No. 4 at 1 (handwritten caption in the Complaint). Ms. Palmer brings her claims under

6   "health insurance fraud, taxes, def[a]mation of character, falsify[ing] court documents, identity

7   theft, stalking, harassing, PTSD," and the "privacy act." *Id.* at 4, 9.

8        In the Complaint, Ms. Palmer generally alleges that Mr. Palmer, her former (or soon-to-

9   be-former) husband, has falsified documents, stolen her identity, blocked her access to funds,

10  and engaged in other forms of neglect or abuse. *See id.* at 3. Ms. Palmer also seems to allege that

11  a number of other individuals and entities have assisted Mr. Palmer or have failed to assist

12  Ms. Palmer in some way. *See id.* at 4–8.

13  II. **DISCUSSION**

14       The Complaint in this case must be dismissed for two reasons: (1) the Complaint fails to

15  raise any issue over which a federal court has subject matter jurisdiction; and (2) the Complaint

16  fails to state any claim for which relief can be granted.

17       First, a court must dismiss a case if the court lacks subject matter jurisdiction over a case.

18  Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(h)(3). Unlike state courts, federal

19  courts—such as this Court—are courts of limited jurisdiction and cannot hear every case. *E.g.*,

20  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess

21  only that power authorized by the Constitution and statute"). The party bringing suit has the

22  burden of demonstrating the basis for subject matter jurisdiction, *id.*, which is ordinarily

23  established by showing that: (1) the issues in a case arise under federal law, such as the U.S.

24  Constitution or a federal statute (a.k.a., "federal question jurisdiction"), *see* 28 U.S.C. § 1331; or

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B) - 2

(2) all parties in a case hail from different states and meet certain other requirements (a.k.a.,

"diversity jurisdiction"), *see id.* § 1332.

      Ms. Palmer's Complaint does not establish that this Court has subject matter jurisdiction.

Ms. Palmer's causes of action—which include insurance fraud, defamation, identity theft, and

harassment—raise potential state law claims rather than any federal law claim. *See* Dkt. No. 4, at

9. Ms. Palmer's reference to a "privacy act" (*id.* at 4) could be liberally construed to be a claim

under the U.S. Privacy Act of 1974, 5 U.S.C.§ 552a (2018), but the statute protects personal

information as handled by the federal government—which is not at issue in this case. *See* U.S.

Dep't of Justice, Overview of the Privacy Act of 1974, at 1 (ed. 2020),

https://www.justice.gov/Overview_2020/download. Accordingly, Ms. Palmer does not allege or

raise any federal question of law over which this Court has jurisdiction. *See* 28 U.S.C. § 1331.

      Ms. Palmer also has failed to show that this Court has diversity jurisdiction because at

least one Defendant appears to be a citizen of the same state as Ms. Palmer. *See id.* § 1332.

Ms. Palmer resides in Washington. Dkt. No. 4, at 1. Ms. Palmer does not specify the residence of

most of the named Defendants, but she lists a Washington address for Defendant "US Bank

World Bank." *Id.* at 9. In addition, at least two other Defendants, NW Legacy Law, P.S., and Red

Canoe Credit Union, appear to be located in Washington.[1] *See* NW Legacy Law,

https://nwlegacylaw.com/ (last visited Feb. 14, 2022) (listing offices in Washington and Oregon);

About Red Canoe, Red Canoe Credit Union, https://www.redcanoecu.com/about/ (last visited

---

[1] A court may take judicial notice of undisputed public facts in considering a dismissal on the pleadings. *See Brovold v. Safeway Inc.*, 2020 WL 6566164, at *4 (W.D. Wash. Oct. 14, 2020) (quoting *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012)) (taking judicial notice of internet search results in considering parties' dispute regarding diversity jurisdiction), *report and recommendation adopted by* 2020 WL 6561418 (Nov. 9, 2020); *Teegarden v. Mortgage Elec. Registration Sys., Inc.*, 2014 WL 7213189, at *2 (W.D. Wash. Dec. 17, 2014) (taking judicial notice of a public deed); *see also* Fed. R. Evid. 201 (a court may take judicial notice on its own of a fact "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B) - 3

1  Feb. 14, 2022) (explaining that Red Canoe is a co-operative and has "10 branches spread across

2  Washington and Oregon").

3       Second, once a complaint is filed *in forma pauperis*, the Court must dismiss it if the

4  complaint "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii).

5  To state a claim for relief, a complaint must contain a short and plain statement of the grounds

6  for the court's jurisdiction, a short and plain statement of the claim showing that the claimant is

7  entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The factual allegations

8  of a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556

9  U.S. 662, 678 (2009).

10      Ms. Palmer proceeds *pro se*, without counsel. A *pro se* complaint must be "liberally

11 construed" and are held "to less stringent standards than formal pleadings drafted by lawyers."

12 *E.g.*, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011)

13 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A *pro se* complaint must

14 "nonetheless meet some minimum threshold in providing a defendant with notice of what it is

15 that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A

16 court "may not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*,

17 *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019); *see also Khalid

18 v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have

19 to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

20 Cir. 1987))).

21      Even liberally construed, Ms. Palmer's allegations fail to state a claim on which relief can

22 be granted. Ms. Palmer does not provide any details regarding Mr. Palmer's alleged obstruction

23 of her access to her money and financial information, including whether Mr. Palmer's actions

24 were in contravention of any federal (*versus* state) statute or court order or done deceptively or

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B) - 4

fraudulently. Likewise, the Complaint fails to provide any other detail to support Ms. Palmer's claims of fraud, identity theft, or other potential causes of action. *See, e.g.*, Dkt. No. 4, at 3–4. Her allegations regarding other Defendants are even more vague and are not reasonably tied to any wrongdoing, much less an actionable claim. *See, e.g.*, *id.* at 4 (listing Defendant "OPM" for "[n]ot listening when [she] called and refused to help and give [her] the guidance that [she] needed").

Accordingly, while the Court is sympathetic to Ms. Palmer's alleged troubles, the Court DECLINES to direct that the Complaint be served and DISMISSES the Complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

When a court dismisses a *pro se* plaintiff's complaint, however, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects. *E.g.*, *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Therefore, Ms. Palmer is granted **fourteen (14) days** to file an amended complaint that replaces the original Complaint and corrects its deficiencies. If Ms. Palmer fails to timely file an amended complaint that corrects the identified deficiencies, the Court will dismiss the case without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Ms. Palmer's Complaint (Dkt. No. 4) is DISMISSED without prejudice for failure to show subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. Palmer shall have **fourteen (14) days** from the date of this Order to file an amended complaint should she wish to do so.

The clerk is DIRECTED to mail a copy of this Order to Ms. Palmer at 142 Elkhorn Rd, Ariel, WA 98603.

1    IT IS SO ORDERED.

2    Dated this 17th day of February 2022.

3

4    _____
     Tana Lin
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(E)(2)(B) - 6